Fritz **HUTCHESON**, Plaintiff-Appellant,

v.

Pierce **O'CARROLL** and **Monarch Air Service, Inc.**, Defendants-Appellees.

No. 12078.

United States Court of Appeals
Seventh Circuit.

Jan. 24, 1958.

Alfred M. Walter, Chicago, Ill., Michael F. Mulcahy, Chicago, Ill., of counsel for appellant.

Herman L. Taylor, Richard E. Mueller, Cyrus Mead, III, Gordon R. Close, counsel, for appellant.

Before MAJOR, FINNEGAN and PARKINSON, Circuit Judges.

PARKINSON, Circuit Judge.

This is an action in damages for breach of contract. The District Court granted defendants' motion for judgment on the pleadings and dismissed the complaint for the reason that the contract allegedly breached was violative of the Civil Aeronautics Act, Title 49 U.S. C.A. § 489(a) (6). This appeal followed.

The complaint charged in substance that the defendant Pierce O'Carroll offered to sell a Curtiss-Wright C 46 A aircraft to the plaintiff for the sum of $120,000 and that the plaintiff accepted the offer; the terms were to be $45,000 down and the balance to be paid at $5,000 a month; title to the aircraft was in Two Eight Mike, Inc., a Nevada corporation, and the defendant Monarch Air Service, Inc. held a $55,000 chattel mortgage thereon but said corporations were actually the *alter ego* of the defendant Pierce O'Carroll; that immediately following the payment of the $45,000 the plaintiff entered into a lease agreement wherein he was to receive an agreed monthly rental of $11,000 for the aircraft for a period of one year, and that by reason of the failure of the defendants to complete the sale and make delivery of the aircraft the plaintiff was unable to complete the terms

and conditions of the lease to his damage in the sum of $200,000.

It is agreed that the defendants have returned the $45,000 to the plaintiff and included in the relevant facts admitted by the complaint, the answers of the defendants and the reply of the plaintiff is that the plaintiff was an officer, director and stockholder of U. S. Air Coach, Inc., an air carrier as defined by the Civil Aeronautics Act.

The plaintiff has limited the question before this court to whether the District Court had jurisdiction to determine that the contract in suit was violative of the Civil Aeronautics Act without first requiring a determination of the issue by the Civil Aeronautics Board.

In his brief the plaintiff states,

"Notwithstanding the several issues raised by the Court's Order of April 30, 1957, dismissing the Complaint herein, plaintiff has elected to proceed, for the purpose of appeal, solely upon the issue of whether the District Court properly assumed unto itself the power to determine the legality and validity of the contract sought to be enforced, with respect to its application to Section 489(a) (6) of the Civil Aeronautics Act of 1938, as amended,".

Accordingly we do not reach the issue of whether the contract in suit is valid or invalid under the Act but only whether the District Court had jurisdiction to decide that question without first requiring a determination thereof by the Civil Aeronautics Board.

The Civil Aeronautics Act specifically makes an interlocking relationship unlawful *unless* such relationship has been approved by the Civil Aeronautics Board upon due showing that the public interest will not be adversely affected thereby.

We need not look beyond the Civil Aeronautics Act itself to decide the issue presented by this appeal as limited by the plaintiff himself. The citation of case law is unnecessary to support the conclusion that unless an interlocking relationship is approved by the Civil Aeronautics Board it is unlawful *per se*. The Act so states in simple and direct language. The question here is not whether the District Court correctly decided that the relationship was unlawful but whether it had the power to decide that question without first requiring a determination by the Civil Aeronautics Board.

The burden was upon the plaintiff to apply to the Board for that determination. Without having done so and securing an order of approval the District Court had jurisdiction to determine the question of the legality or illegality of the contract in controversy.

The judgment is affirmed.